UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MERRILL, et al., | ) 1:05-cv-00195-AWI-SMS |
| Plaintiffs, | ) ORDER DENYING PLAINTIFFS' MOTION ) TO CONSOLIDATE ACTIONS AS MOOT |
| v. | ) (DOC. 18) |
| COUNTY OF MADERA, et al., | ) ORDER DENYING PLAINTIFFS' MOTION ) TO JOIN PARTIES, PERMIT A |
| Defendants. | ) SUPPLEMENTAL PLEADING ALLEGING A ) COUNTERCLAIM, IMPLEAD THIRD |
| COUNTY OF MADERA, | ) PARTIES, AND FOR MANDATORY ) JOINDER (DOCS. 18, 34) |
| Counter-Claimant, | ) ORDER GRANTING IN PART THE |
| v. | ) PARTIES' REQUESTS THAT THE COURT ) TAKE JUDICIAL NOTICE OF DOCUMENTS |
| ERNEST MERRILL, et al., | ) FILED IN REMANDED ACTION NO. ) 1:05-CV-00559-AWI-SMS |
| Counter-Defendants. | ) |

I. Background

On September 9, 2005, Plaintiffs Ernest and Lila Merrill filed their first amended complaint, in which they sued the County of Madera, two employees thereof (Basch, a code enforcement officer, and Meyers, who issues permits), and Gary Gilbert, a member of the County Board of Supervisors, alleging that the County and its agents gave inconsistent advice regarding, and required when the law really did not require,

1

permits to grade a road on their property which is the only practical access to their property; denied a road permit in June 2002 and thereafter; wrongly cited Plaintiff for grading a road without a permit; instigated a criminal prosecution in July 2002 for grading without a permit, which developed into a prosecution for Fish and Game Code violations regarding which Plaintiff Ernest Merrill is on probation; delayed a building permit in August 2002; refused permits for a deck and barn; issued in October 2003 and then revoked or failed to renew in March 2004 grading permits for the road; and thereby precipitated conflict between Plaintiffs and third parties Schub and Gillette, who purchased some of Plaintiffs' property on which the road is situated, who gave Plaintiffs an easement over the road, and who are parties to a contract with Plaintiffs which requires Plaintiffs to maintain and grade the road.

The claims stated in the complaint against Defendant County, which are constitutional claims over which there is federal question jurisdiction, include denial of access to a public building, denial of due process (failure of Defendant County to provide reasons and a hearing as requested by Plaintiffs with respect to the denials of their various requests for permits), denial of equal protection (unequal treatment of Plaintiffs with respect to permits, prosecution, bond requirements, and waiver thereof), and impairment of the obligations of contract (contracts between Plaintiffs and Schub and Gillette as well as others). Plaintiffs seek $100,000,000.00 in damages for the loss of the money that they spent on grading the road that has washed our or will wash out because it cannot be completed, damage to

2

and loss of the barn, loss of a contract for, or income from, grazing cows on the land prevented by the absence of the functioning barn, and loss of potential income or value of subdividing their land.

Defendants answered the complaint on September 20, 2005, denying the essential allegations of the complaint, and asserting affirmative defenses of lack of standing (Plaintiffs' no longer own the property that is the subject of the action), lack of ripeness and exhaustion of state remedies, absolute or qualified immunity, and unclean hands.

Defendant County filed a counterclaim against Plaintiffs, various business entities owned and/or operated by them, and third parties also owning part of Plaintiffs' ranches or property situated adjacent thereto, and most recently amended counterclaims on September 26, 2005, asserting claims alleged to arise from the same events and occurrences and same case or controversy (Fed. R. Civ. P. 13(a)), including nuisance and violation of County codes (unlawful and substandard road grading and building activities and subsequent unlawful sales of land to third parties), public nuisance (damage to slopes and banks, tributaries and streams, and trees from road grading and other activities, affecting neighboring properties), violation of subdivision regulations (lack of required parcel maps), and declaratory relief (regarding the applicability of the County codes, and whether the codes have been violated).

In a state court action that was removed to this Court (Schub v. Merrill, 1:05-cv-00559), Schub and Gillette, the purchasers and present owners of part of the land over which the

3

road passes, sued the Merrills, Plaintiffs in this action, stating the following claims: (1) Breach of Easement Agreement (failure to comply with terms of a written easement by engaging in unlawful, wrongful and dangerous grading of a road being built on Plaintiffs' property, improper use of the easement, and leaving debris); (2) Specific Performance; (3) Preliminary and Permanent Injunction; (4) Abatement of Nuisance (caused by the aforementioned conduct and by failing to comply with governmental regulations, which in turn caused the County of Madera to "red tag" the property and thereby to prevent Plaintiffs from using the roadway to serve their own property and from developing their own property); (5) Trespass; (6) Declaratory Relief (regarding the scope of the easement); (7) Termination of Easement (for use exceeding its scope) ; (8) Negligence (breach of duty created by regulations and law promulgated by Madera County, California Department of Fish and Game, and other governmental agencies); and (9) Fraud (misrepresentation by Defendants at the time of purchase regarding Plaintiffs' property being buildable, gated, fenced, and secure). This action was remanded to state Court on September 1, 2005. Schub and Gillette assert[1] that they are seeking an injunction in that action.

Plaintiffs assert that the conduct of Defendant County has prevented it from complying with its duty to third parties Schub and Gillette to maintain and grade the easement road. Plaintiffs quote a letter sent to them in April 2004 in which third parties Schub/Gillete stated that they were refused by Defendant County

---

[1] No evidentiary materials, such as declarations, have been submitted by either party in connection with the present motion.

1  permits to grade and place a construction trailer on the Schub
2  property because of ongoing code violations (on what or whose
3  property it is not clear). Plaintiffs also assert that Schub and
4  Gillette have since decided not to let Plaintiffs use the
5  easement and have refused access to Plaintiffs' contractors and
6  to anyone who seeks to use the easement which Plaintiffs claim
7  they have over the property now owned by Schub and Gillette.
8  (Motion filed May 25, 2005, at 3.)

9      II. <u>The Instant Motions</u>

10      On May 25, 2005, Plaintiffs filed notice of a motion to
11  consolidate this action with the action that has been remanded to
12  state court; this motion is thus moot and will be denied.

13      Concurrently Plaintiffs filed a motion to join third parties
14  Schub/Gillette in the present case, to allow a supplemental
15  pleading pursuant to Fed. R. Civ. P. 13(e), 13(a), and 14 to
16  implead and allege a counterclaim against them in connection with
17  their refusal to permit anyone to use the easement which
18  Plaintiffs allege they own; they also seek to ensure that Schub
19  and Gillette, as third party plaintiffs (Mot. at 4) who have been
20  denied permits for their own development by the County are
21  indemnified against loss and do not suffer from issue preclusion
22  or claim preclusion. They assert that this will conserve judicial
23  resources.

24      Third parties Schub and Gillette filed opposition on June
25  27, 2005 (at a time at which they were plaintiffs in a suit
26  pending in this Court), in which they requested judicial notice
27  be taken of the papers filed in connection with the motion to
28  remand in 05-cv-00559 (the motion that was granted, and the case

5

1  that is no longer pending in this Court).

2  Third parties also objected that there was no admissible
3  evidence of the factual matters argued in Plaintiff's motion, in
4  violation of Local Rule 78-230(b), which provides that the moving
5  party shall file affidavits, if appropriate.

6  Finally, third parties noted that it is unclear in what
7  capacity they are to be joined--whether as plaintiffs or
8  defendants--and whether any such option makes sense. No complaint
9  in impleader has been filed or proposed, so it is impossible to
10 determine the exact nature of claims that Plaintiffs are
11 asserting against third party defendants.

12 Plaintiffs filed a supplement to its motion to join on
13 September 22, 2005, in which they sought mandatory joinder
14 pursuant to Fed. R. Civ. P. 19.

15 Third parties filed a supplemental opposition on October 11,
16 2005, continuing their objections to the lack of declarations or
17 admissible evidence supporting the factual allegations in the
18 motion, and contesting the propriety of mandatory joinder.

19 Defendant County has filed neither opposition nor notice of
20 non-opposition.

21 By separate order the Court has vacated the hearing of this
22 matter set for November 4, 2005, and has deemed the matter
23 submitted on the papers previously filed with the Court.

24 III. <u>Analysis</u>

25 In shotgun fashion, Plaintiffs have referred to several
26 possible basis for joinder or filing pleadings. Plaintiffs have
27 failed to submit a proposed pleading setting forth the precise
28 claim or claims they wish to include in this action; thus, the

6

basis of Plaintiffs' motion is unclear. Nevertheless, to the extent intelligible, the requests set forth by Plaintiffs will analyzed.

    A. <u>Impleader pursuant to Fed. R. Civ. P. 14</u>

Plaintiffs here seek to ensure that Schub and Gillette, as third party plaintiffs (Mot. at 4) are indemnified against loss and do not suffer from issue preclusion or claim preclusion; further, Plaintiffs seek to conserve judicial resources.

Fed. R. Civ. P. 14 provides:

> At any time after the commencement of the action a defending party, as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against the third party plaintiff.

Fed. R. Civ. P. 14(b) provides:

> When a counterclaim is asserted against a plaintiff, the plaintiff may cause a third party to be brought in under circumstances which under this rule would entitle a defendant to do so.

Impleader is available to a plaintiff where a counterclaim has been filed against the plaintiff and where the person or entity to be joined is or may be liable to the plaintiff on account of the counterclaim. Fed. R. Civ. P. 14 (a), (b); see <u>Atchison, Topeka & Santa Fe Railway Co. v. Hercules, Inc.</u>, 146 F.3d 1071, 1074 (9th Cir. 1998). Impleader is designed to bring in a third party who is or may be liable to the impleading party for all or part of the plaintiff's (here counterclaimant County's) claim against the impleading party. The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant (here a plaintiff) to bring a separate action against a third individual who may be secondarily or derivatively liable to

7

the defendant (here a plaintiff) for all or part of the original claim against the impleading party. It is a matter within the sound discretion of the Court. <u>Southwest Administrators, Inc. v. Rozay's Transfer</u>, 791 F.2d 769, 777 (9th Cir. 1986).

Here, there is no basis for a finding that Schub/Gillette are liable to Plaintiffs/Counter-defendants for all or part of the claim that the County has against Plaintiffs/Counter-defendants. The County has alleged that Plaintiffs violated codes and regulations. Schub/Gillette are not named in the counterclaim. It is possible that by refusing to allow Counter-defendants Merrills to use the easement, Schub/Gillette are precluding the Merrills' bringing the road into compliance (now, as distinct from in the past), but there is no evidence (as distinct from mere factual assertions and quotation of a what is asserted to be a letter received from Schub/Gillette from the Merrills) in support of such an assertion. However, Plaintiffs/Counter-defendants Merrills are not arguing that; rather, they are seeking to protect Schub/Gillette from adjudications regarding those violations.

There is no evidentiary showing supporting a finding that Schub/Gilette are purchasers who, as alleged in the first amended counterclaim (at 5), in January 2005 purchased their property as part of a fraudulent marketing scheme by the Merrills; further, the complaint in action number 05-00559, of which this Court takes judicial notice,[2] indicates (at 3) that the date of the

---

[2] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981). The Court takes judicial notice of documents filed in action number 05-00559-AWI-SMS to the extent those matters are referred to in this order.

8

1 Schub/Merrill purchase of property from Plaintiffs was February
2 7, 2003, and not January 2005, the time referenced in the
3 counterclaim (at 5). There is no basis for secondary or
4 derivative liability on the part of Schub/Gillette to the County
5 for Plaintiffs' conduct, which is the basis for impleader. <u>See</u>,
6 <u>United States v. One 1977 Mercedes Benz</u>, 708 F.2d 444, 452 (9th
7 Cir. 1983).

8 Finally, the moving parties have not submitted any pleading
9 that would permit the Court to ascertan definitely how
10 Schub/Gillette should participate in this action.

11 Accordingly, the Court exercises its discretion to deny the
12 request to implead Schub/Merrill pursuant to Rule 14.

13         B. <u>Mandatory Joinder pursuant to Fed. R. Civ. P. 13(a)</u>

14 Plaintiffs assert, in their motion filed when the
15 Schub/Gillette action was pending in this Court, that the facts
16 that give rise to the Schub/Gillete's (now state) action against
17 them arise out of the same transaction or occurrence as that in
18 their action here (namely, the County's mistreatment of
19 Plaintiffs), and thus mandatory joinder is appropriate; the
20 Defendant County, and not Plaintiffs in this action, are
21 responsible for the harm that third parties Schub/Merrill have
22 suffered and continue to be responsible for continuing harm
23 because Defendant County has refused, and conspired to refuse,
24 permits.

25 Fed. R. Civ. P. 13(a) provides:

26     (a) Compulsory Counterclaims. A pleading shall
state as a counterclaim any claim which at the time of
27
28

9

>      serving the pleading the pleader has against any
>      opposing party, if it arises out of the transaction or
>      occurrence that is the subject matter of the opposing
>      party's claim and does not require for its adjudication
>      the presence of third parties of whom the court cannot
>      acquire jurisdiction. But the pleader need not state
>      the claim if (1) at the time the action was commenced
>      the claim was the subject of another pending action, or
>      (2) the opposing party brought suit upon the claim by
>      attachment or other process by which the court did not
>      acquire jurisdiction to render a personal judgment on
>      that claim, and the pleader is not stating any
>      counterclaim under this Rule 13.

Rule 13(a) by its terms applies only to claims that the pleader has against "any opposing party." Schub/Gillette are not opposing parties in this action; although they were parties to the earlier action in this Court, they were not so in any voluntary sense, and that action has not been remanded to state court.

Thus, the Court will deny Plaintiffs' request to join Schub/Gillette in this action by way of a counterclaim.

### C. Permissive Joinder pursuant to Fed. R. Civ. P. 20

In their Supplement filed on September 22, 2005, Plaintiffs argued that in this action against Madera, they seek damages for the County's impairment of their contract with third parties Schub and Gillette based on Defendant's unconstitutional actions preventing maintenance of the easement. Plaintiffs argue that Schub/Gillette should be joined permissively as Plaintiffs in this action under Rule 20, to be liberally construed pursuant to League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977), because third parties have been harmed by the County in a way nearly identical to the way in which Plaintiffs have been harmed by the County. However, Plaintiffs acknowledge that these third parties have indicated they are not interested in permissive joinder.

Fed. R. Civ. P. 20(a) provides:

> (a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Rule 20(a) by its terms refers to permissive joinder; Plaintiffs cite no authority permitting the Court to order or mandate "permissive" joinder. It is undisputed that Schub/Gillette do not desire to join in this action.

Accordingly, the Court will deny Plaintiffs' request to order joinder pursuant to Fed. R. Civ. P. 20(a).

    D. <u>Mandatory Joinder pursuant to Fed. R. Civ. P. 19</u>

Fed. R. Civ. P. 19(a) provides:

> a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If

11

> the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

By way of brief factual summary, from the pleadings filed in action number 05-00559-AWI-SMS, in state court the third parties are suing Plaintiffs for breach of their contractual duty to maintain the easement and grade the road by engaging in unlawful, wrongful and dangerous grading of the road, as well as abatement of nuisance based in part on failing to comply with governmental regulations, which in turn caused the County of Madera to "red tag" the property and thereby to prevent Plaintiffs from using the roadway to serve their own property and from developing their own property); third parties also allege negligent failure to perform a duty created by regulations and law promulgated by Madera County, California Department of Fish and Game, and other governmental agencies.

In this Court, Plaintiffs are suing the government for wrongfully delaying and failing to grant permits to grade the road (and perform other work on his property), citing him for grading without a permit, prosecuting him for continuing to grade without a permit and thereby interfering with Plaintiffs' duty to the third parties (Schub/Gillette, purchasers of the parcel abutting the road over which Plaintiffs retain an easement to use the road to access the remainder of his ranch) pursuant to a contractual obligation to maintain the road by grading and maintaining it, and further impairing Plaintiffs' business relationship with Schub/Gillette, who have in fact sued

12

Plaintiffs. Because of Defendants' wrongful conduct and the resulting inability to grade the road, run-off into streams has occurred, and Merrills were wrongfully and selectively cited for conditions on the property.

The County has now countersued, alleging in part that Plaintiffs engaged in development and road construction activities without permits and without compliance with pertinent codes and workmanlike standards, causing environmental damage, and that Plaintiffs further sold in a fraudulent manner parcels to other persons (not third parties here) who have thereby assisted with, or are responsible for, the noncomplying activities on the land. The relief requested by the counterclaiming County includes a determination that Plaintiffs violated the Madera County Codes, engaged in nuisances, and a declaration of the applicability of the County's grading and building regulations.

In this regard, Plaintiffs ask the Court to take judicial notice of the counterclaim and assert that there has been sufficient identification of the Doe counterdefendants such that the Schub/Gillete third parties are in fact identified, particularly because parcel number 050-102-006, the parcel owned by Schub/Gillette[3], was alleged to be part of Plaintiffs' Dream Catcher Ranch and to have been sold; further, because the purchasers are alleged to have aided and assisted the nuisance on all parts of the ranch, their conduct is in issue, and Plaintiff contends that Plaintiffs cannot obtain complete relief unless

---

[3] No evidence is submitted in support of this factual assertion.

Schub and Gillette are joined. Plaintiffs assert this is the parcel that Schub/Gillette own. However, as previously noted, the complaint in previous action 05-00559 reveals that Schub/Gillette purchased their parcel well in advance of the January 2005 period specified in Plaintiffs' complaint in this action.

Plaintiffs admit that the relief they seek in the federal action is not structured to have a negative impact on the third parties' interests, and that if Plaintiffs obtain judgment in their favor here, it will not negatively impact third parties and will in fact benefit them because it would permit Plaintiffs to maintain the easement; further, a judgment in favor of Madera will not affect any right of the third parties. Plaintiffs assert, however, that third parties' interests will be "more protected" in federal court than in state court as they would still look to Plaintiffs for relief, but the County of Madera would be available for indemnification in this action. Plaintiffs thus appear to admit that Schub/Gillette's ability to protect any interest they have relating to the subject of the action will not, as a practical matter, be impaired or impeded.

However, Plaintiffs argue that considering the possibility of a state court judgment in favor of Schub/Gillette, Plaintiffs could be subjected to "multiple judgments that could go different ways." (Supplement at 3.)

Rule 19(a)(2)(ii) provides that absent parties must be joined where a judgment rendered in their absence would leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the absent parties' claimed interest.

14

1    Plaintiffs argue that they could be subject to multiple,
2 inconsistent judgments if the state court rules in favor of the
3 third parties. "Inconsistent obligations" within the terms of
4 Rule 19 are not, however, the same as inconsistent adjudications
5 or results. Delgado v. Plaza Las Americas, 139 F.3d 1, 3 (1st
6 Cir. 1998); see 4 James Wm. Moore et al., Moore's Federal
7 Practice ¶ 19.03 (3d ed.2005). Inconsistent obligations occur
8 when a party is unable to comply with one court's order without
9 breaching another court's order concerning the same incident.
10 See, 4 Moore's at ¶ 19.03. Inconsistent adjudications or results,
11 by contrast, occur when a defendant successfully defends a claim
12 in one forum, yet loses on another claim arising from the same
13 incident in another forum. Id. Even inconsistent judgments
14 regarding the validity of an obligation are not within the
15 meaning of the rule. Although such a scenario would produce
16 inconsistent judgments or results, it would not impose
17 inconsistent "obligations" because the party subject to the
18 judgments would be subject to only one judgment obligation.
19 Because Rule 19(a)(2) speaks in terms of inconsistent
20 "obligations" and not inconsistent "results," clause (a)(2) of
21 Rule 19 does not apply to these circumstances. Natl. Union Fire
22 Ins. Co. v. Mass. Mutual Wholesale Electric Co. 117 F.R.D. 321,
23 322-23 (D. Mass. 1987). Further, where two suits arising from the
24 same incident involve different causes of action, defendants are
25 not faced with the potential for double liability because
26 separate suits have different consequences and different measures
27 of damages. 139 F.3d at 3.
28    Here, with respect to the issues in the federal case of

whether or not the Madera codes were applicable or were violated (raised in both the first amended complaint and the counterclaim), the federal action could result in a finding that the codes applied and that Plaintiffs violated them, and Plaintiff could be ordered to abate the nuisances and pay fines and costs. It is possible that in the state court action, it could be determined that Plaintiffs here (Merrills, the defendants in state court) had not violated the codes. However, even though there might be inconsistent results, Plaintiffs would be subject to only one judgment and would not be put in the position of not being able to comply with inconsistent judgments.[4]   With respect to affording complete relief among the parties already joined, <u>Eldredge v.Carpenters 46 N. Cal. Counties Joint Apprenticeship and Training Committee</u>, 662 F.2d 534, 537 (9th Cir. 1981), there is no risk of inconsistent declaratory judgments such that any relief that could be granted in this case would be rendered inadequate absent joinder. This is because the declaratory judgment sought by Schub/Gillette in the state action goes only to the scope of the easement, not to whether or not codes applied or were violated.

The Court concludes that in light of the above analysis, and given the uncertainty of Plaintiffs' motion, Plaintiffs' motion will be denied in its entirety.

Accordingly, it IS ORDERED that

1) Plaintiffs' motion to consolidate this action with case

---

[4] The Court notes that to the extent that there might be an inconsistency, Plaintiffs have not suggested that they are unable to protect themselves by either bringing the County into the state action, or by seeking a stay of one of the actions.

number 05-00559-AWI-SMS IS DENIED as moot; and

    2) Plaintiffs' motion to join third parties Schub and Gillette in the present case, allow a supplemental pleading pursuant to Fed. R. Civ. P. 13(e) and 13(a), implead Schub and Gillette pursuant to Fed. R. Civ. P. 14, allege a counterclaim against third parties, and for mandatory joinder of third parties IS DENIED without prejudice.

IT IS SO ORDERED.

**Dated:  November 3, 2005**          **/s/ Sandra M. Snyder**
icido3                             UNITED STATES MAGISTRATE JUDGE