IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MERRILL and<br>LILA MERRILL,<br><br>               Plaintiffs,<br><br>    v.<br><br>COUNTY OF MADERA, et al.,<br><br>               Defendants. | CV F 05-0195 AWI SMS<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFFS' MOTION FOR RECONSIDERATION AND THE PARTIES' REQUEST FOR CLARIFICATION**<br><br>(Document #149) |

## I. BACKGROUND

This action arises from Defendants' citations and denial of several permits to Lila and Ernest Merrill, husband and wife ("Plaintiffs"), and to Ernest Merrill as an individual ("Plaintiff"), which allegedly interfered with Plaintiffs' use of their property. The court has jurisdiction over the civil rights claims pursuant to 28 U.S.C. § 1331.

On March 2, 2007, the court ruled on Defendants' motion for summary judgment. The court's ruling was as follows:

> Accordingly, based on the above memorandum opinion, IT IS HEREBY ORDERED that Defendants' motion for summary judgment is GRANTED in part and DENIED in part.  Specifically, the court ORDERS that:
> 1.    Defendants' motion for summary judgment on Plaintiffs' equal protection claim (Count 3) is GRANTED in part and DENIED in part;
>    a.    Defendants' motion for summary judgment on Plaintiffs' contention that Defendants treated them differently when they cited Plaintiffs and required Plaintiffs to have a permit

        to grade a 300 foot driveway and Plaintiffs' contentions that Defendants treated them differently when Defendants did not give them a 15 day period between notice and being cited for grading the 300 foot driveway and cited Plaintiffs for grading the 300 foot driveway is DENIED;
    b. Defendants' motion for summary judgment on the other factual basis of Plaintiffs' equal protection claim is GRANTED;
2. Defendants' motion for summary judgment on Plaintiffs' procedural due process claim (Count 2) is GRANTED in part and DENIED in part;
    a. Defendants' motion for summary judgment on Plaintiffs' claims arising from Defendants' actions concerning the denial or delay in Plaintiff obtaining grading permits, including Defendants' refusal to meet with Plaintiff to get the permit reinstated on the Schub property, is GRANTED;
    b. Defendants' motion for summary judgment on the other factual basis of Plaintiffs' procedural due process claim is DENIED;
3. Defendants' motion for summary judgment on Plaintiffs' First Amendment Right to Petition Clause claim (Count 1) is GRANTED;
4. Defendants' motion for summary judgment on Plaintiffs' Contract Clause claim (Count 4) is GRANTED.

On March 8, 2007, Plaintiff filed an application for reconsideration of the court's ruling on summary judgment. Specifically, Plaintiffs contends that the court did not consider the facts submitted by Plaintiffs because the court had chided Plaintiffs for not submitting a document entitled "Statement of Disputed Facts" as part of their opposition to the motion for summary judgment. Rather, Plaintiffs had submitted their facts in a document entitled "Plaintiff's Response to Defendant's Separate Statement of Undisputed Facts." In their application, Plaintiffs express concern that the court never received this document, and the court did not consider Plaintiff's evidence.

On March 8, 2007, the court also held an informal telephonic conference with the parties. During the hearing, the parties asked the court to clarify which of the alleged due process violations were still in play for trial. In addition, the parties asked the court to clarify whether the third and fourth theories of Plaintiff's equal protection claim were still in play for trial and/or whether these theories were limited to Defendants' actions concerning the 300 foot driveway and not the road.

## II.  MOTION FOR RECONSIDERATION

The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs.  Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988).  Nor is reconsideration to be used to ask the court to rethink what it has already thought.  United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998).  Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

In Plaintiffs' motion for reconsideration, Plaintiff's take issue with Footnote 1, found in the court's order on summary judgment.   Footnote 1 noted that the Undisputed Facts Section of the court's order on the motion for summary judgment were based on Defendants' proposed undisputed facts and Plaintiffs' responses.   Citing Local Rule 65-260(b), the court stated that those undisputed facts proposed by Defendants would be deemed undisputed unless Plaintiffs cited to *evidence* indicating a dispute.   The court further noted that Plaintiff had not provided a statement of disputed facts as allowed for by Local Rule 65-260(b), and stated that Plaintiffs' discussion section was not the place to introduce facts for the first time.

Despite Footnote 1, the court did consider the evidence submitted by Plaintiffs in their responses to Defendants' undisputed facts and found  in Plaintiffs' briefs.   The purpose of

3

Footnote 1 was to inform the parties the proper way to respond to a statement of undisputed facts and inform the parties that the court would not search through evidence, such as depositions and declarations, to find facts that had not been cited by the parties.   Because the court did consider Plaintiffs' response to Defendants' undisputed facts, and the evidence specifically cited to by Plaintiffs, the court considered the very evidence at issue in the motion for reconsideration. Accordingly, the motion for reconsideration will be denied.

### III.  REQUEST FOR CLARIFICATION ON REMAINING CLAIMS

At the March 8, 2007, hearing the parties expressed some confusion over the court's order on summary judgment.   It appears that the confusion is based on the fact that Plaintiffs' equal protection claim has several factual basis that each support a separate, alleged violation of the Equal Protection Clause.    In addition, Plaintiffs' procedural due process claim has several factual basis that each support a separate, alleged violation of the Procedural Due Process Clause. While the court's order attempted to list each factual basis and state whether this basis would proceed to trial, the court will attempt to again explain what theories that are proceeding to trial.

Plaintiff's equal protection claim will proceed on the following theories:

(1) Defendants citing Plaintiffs and requiring them to have a permit to grade a 300 foot driveway, despite their permit for the mobile home, but Mr. Gilbert was allowed to grade his driveway under his house permit and did not need another grading permit;

(2) Defendant Ruiz cited Plaintiffs two days after Plaintiffs were given notice of improper grading of the 300 foot driveway though others were given 15 days to remedy violations;[1]

(3) Plaintiffs were cited for grading the 300 foot drive without a permit when no one

---

[1] This theory is only proceeding on Defendants' citation of the 300 foot driveway and *not* the citation concerning the road.   The undisputed facts show that Defendants had a legitimate reason to cite Plaintiffs for grading the road without a permit and there is no evidence of pretext.

4

else has ever been cited for grading.[2]

In the complaint and opposition, Plaintiffs also listed several actions by Defendants that Plaintiffs believe violated Plaintiffs' procedural due process rights. In their motion for summary judgment, Defendants did not address or move for summary judgment on many of these theories. Accordingly, the alleged procedural due process violations that remain for trial are:

(1) Defendants' denial of Plaintiffs' permit to build a barn;

(2) Defendants requiring Plaintiffs to obtain a grading permit to grade the road when none was allegedly required under the County's ordinances;

(3) Citing Plaintiffs for grading without a permit without giving Plaintiffs 15 days to remedy the situation;

(4) Arresting Plaintiff for grading without a permit without giving Plaintiffs 15 days to remedy the situation;

(5) Not releasing Plaintiffs' erosion bond;

(6) Cancelling or revoking Plaintiffs' renewal permit to grade Site 2 (the Schub Property);

(7) Refusing Plaintiffs access to a government building so that Plaintiffs could apply for a new permit to grade the Schub Property;

(8) Denying Plaintiffs a permit to build a home.

Based on this list of legal issues that remain for trial, the parties should be able to complete their trial preparation.

**IV.  ORDER**

Accordingly, the court ORDERS that:

1. Plaintiffs' motion for reconsideration is DENIED'

2. The parties request for clarification on the theories remaining for trial is

---

[2] This theory is only proceeding on Defendants' citation of the 300 foot driveway and *not* the citation concerning the road. The undisputed facts show that Defendants had a legitimate reason to cite Plaintiffs' for grading the road without a permit and there is no evidence of pretext.

5

1 | GRANTED. This action will proceed on the theories listed in **Part III** of
2 | this order.
3 |
4 | IT IS SO ORDERED.
5 | **Dated:    March 13, 2007**              /s/ Anthony W. Ishii
  | 0m8i78                                   UNITED STATES DISTRICT JUDGE

6