1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT FOR THE

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ERNEST MERRILL and              )    1: 05 -CV- 0195 AWI SMS
     LILA MERRILL,                    )
12                                    )    MEMORANDUM OPINION AND
                    Plaintiffs,       )    ORDER DENYING PLAINTIFFS'
13                                    )    MOTION FOR A NEW TRIAL AND
            v.                        )    TO ALTER OR AMEND JUDGMENT
14                                    )
     COUNTY OF MADERA, et al.,        )
15                                    )    (Documents #293 and #298)
                    Defendants.       )
16   _____ )

17

18                            BACKGROUND

19         The complaint in this action alleged that Defendants' citations and denial of several

20   permits deprived Plaintiffs of their constitutional rights.   After several pre-trial motions, this

21   action proceeded to jury trial.  On July 10, 2007, the jury returned a verdict in Defendants' favor.

22         On July 22, 2007, Plaintiffs filed a motion for a new trial and motion to alter or amend

23   judgment pursuant to Rule 59(a) and Rule 59(e) of the Federal Rules of Civil Procedure.   On

24   August 31, 2007, Defendants filed an opposition to Plaintiffs' motion.   The court then vacated

25   any hearing on Plaintiffs' motion and took Plaintiffs' motion under submission.   Having

26   reviewed the parties' briefs and the file in this action, the court issues this memorandum opinion.

27

28

**LEGAL STANDARD**

Rule 59(a) of the Federal Rules of Civil Procedure provides that: "[A] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed.R.Civ.P. 59(a). Rule 59 does not specify the grounds on which a motion for a new trial may be granted. Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003). Rather, the court is "bound by those grounds that have been historically recognized." Id. "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (quoting Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)). A new trial may be granted if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice. Molski, 481 F.3d at 729; Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 510 n. 15 (9th Cir. 2000).

Rule 59(e) allows a party to file a motion to alter or amend judgment no later than 10 days after entry of judgment. Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.2000). Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). This showing is a "high hurdle." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). A judgment is not properly reopened "absent highly unusual circumstances." Id.

The Ninth Circuit reviews a district court's denial of a Rule 59 motion for an abuse of

1    discretion.  Molski v. M.J. Cable, Inc., 481 F.3d 724, 728 (9th Cir. 2007); Far Out Productions,

2    Inc. v. Oskar, 247 F.3d 986, 992 (9th Cir. 2001); Defenders of Wildlife v. Bernal, 204 F.3d 920,

3    928-29 (9th Cir. 2000).  A district court abuses its discretion when it bases its decision on an

4    erroneous view of the law or a clearly erroneous assessment of the facts. Coughlin v. Tailhook

5    Ass'n, 112 F.3d 1052, 1055 (9th Cir. 1997).  "The district court's denial of a motion for a new

6    trial is reversible only if the record contains no evidence in support of the verdict." Molski, 481

7    F.3d at 729 (quoting Farley Transp. Co. v. Santa Fe Trail Transp. Co., 786 F.2d 1342, 1347 (9th

8    Cir. 1985)).   The Ninth Circuit will reverse the denial of a motion where the district court has

9    "made a mistake of law."  Molski, 481 F.3d at 729.

10                                         **DISCUSSION**

11          Preliminarily, the court notes, as does Defendants, that many of Plaintiffs' contentions are

12   made under the wrong legal standard.   For example, a Rule 59(a) motion for a new trial is not

13   available on claims or causes of action for which Plaintiffs never received a trial.  Many courts

14   will construe a motion requesting the court alter or amend a judgment as a Rule 59(e) motion

15   even if it is not captioned as such.  See, e.g., Forsythe v. Saudi Arabian Airlines Corp., 885 F.2d

16   285, 288 (5th Cir. 1989); United States v. Gargano, 826 F.2d 610, 611 (7th Cir. 1987).  But see

17   Yniques v. Cabral, 985 F.2d 1031, 1033 (9th Cir. 1993) (refusing to construe motion captioned as

18   a Rule 60 motion as a Rule 59(e) motion).   In the interests of justice, the court will construe

19   Plaintiffs' relevant contentions under the appropriate legal standards.

20          The court also notes that Defendants have taken the position that Plaintiffs' motion is not

21   timely as to several contentions.   Specifically, Defendants argue that for claims or causes of

22   action that the court dismissed or granted summary judgment in Defendants' favor prior to the

23   end of trial, Plaintiffs' Rule 59 motion should have been filed within ten days of the court's

24   ruling.   Contrary to Defendants' position, a Rule 59 motion cannot be filed until after entry of

25   final judgment or a ruling from which an appeal can be taken.  Hertz Corp. v. Alamo

26   Rent-A-Car, Inc., 16 F.3d 1126, 1132 (11th Cir. 1994).   This is because Rule 54 defines a

27

28                                                3

judgment as "any order from which an appeal lies."    Because Plaintiffs could not have appealed the court's dismissals, grant of summary adjudication, or directed verdicts when these orders were entered, the ten day time period found in Rule 59 did not begin to run prior to the entry of final judgment.

**A.   First Amendment Claims - Access to Building**

The court dismissed Plaintiffs' First Amendment claims in which Plaintiffs contended Defendants wrongfully denied them access to a public building.    Plaintiffs contend the court erred in dismissing their prior restraint speech claim and granting summary judgment on their denial of access to a government building.     Plaintiffs do not identify any newly discovered evidence or an intervening change in law.    Rather, Plaintiffs arguments appear to be that the court somehow erred by resolving the First Amendment claims prior to trial.

***1.   Speech Claim***

As explained in the court's order dismissing the restraint of speech claim, a First Amendment claim for restraining speech requires restraint of "speech" or "communication." See, e.g., Southeastern Promotions v. Conrad, 420 U.S. 546, 558 (1975).   The complaint did not allege facts that rose to the level of speech or communication.   While Plaintiffs are correct that the court dismissed this claim without leave to amend, Plaintiffs neither explained in their opposition what speech or communication was at issue nor asked for reconsideration of that decision.   At any time prior to trial, Plaintiffs could have filed a motion to amend the complaint to explain what speech or communication they were deprived of.   Plaintiffs failed to do so. Even in this Rule 59 motion, Plaintiffs do not state the speech at issue other than to allude to Plaintiffs wishing to discuss the denial of a permit with Defendant Basch.   This is insufficient to show the court committed clear error or made an initial decision that was manifestly unjust in light of Plaintiffs' failure to ever fully explain the speech at issue to the court and request leave to amend.

4

## *2.  Access to a Government Building*

Plaintiffs also claim the court was wrong to grant Defendants summary judgment on Plaintiffs' access to a government building claim.   The right to petition the government for redress of grievances in both judicial and administrative forums is fundamental to the very idea of the republican form of government.  United States v. Cruikshank, 92 U.S. 542, 552 (1875), *abrogated on other grounds*.  The right to petition extends to administrative agencies, which are both creatures of the legislature and arms of the executive.  California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510 (1972).   When granting Defendants summary judgment on Plaintiff's right to petition claim, the court found that this First Amendment right is limited to situations in which a plaintiff's associational or speech interests are also implicated.  WMX Technologies Inc. v. Miller, 197 F.3d 367, 372 (9th Cir. 1999) (citing McDonald v. Smith, 472 U.S. 479, 482-85 (1985), United Mine Workers of America v. Illinois State Bar Ass'n, 389 U.S. 217, 222-23 (1967), and NAACP v. Button, 371 U.S. 415, 430-31 (1963)).  In WMX, the Ninth Circuit held that the plaintiff could not proceed on a civil rights violation based on the defendants' actions concerning the plaintiff's application to obtain a use permit for a proposed landfill.  WMX, 197 F.3d at 373.   Based on this reasoning, the court found that nothing in the permits or applications at issue in this action implicated Plaintiffs' associational or speech interests.   Plaintiffs' motion under Rule 59(e) fails to allege new law, new facts, and has not shown how this court's decision was clear error or manifestly unjust.  Thus, it must be denied.

## *3.  Procedural Due Process*

This action proceeded to trial on a Procedural Due Process claim concerning Defendants refusing Plaintiffs access to the building.   At the close of evidence, the court granted Defendants' motion for a directed verdict on this procedural due process claim.   Plaintiffs' Rule 59 motion appears to contend that the court erred by granting Defendants' motion for a directed verdict on this procedural due process claim.

In Hudson v. Palmer, 468 U.S. 517 (1984), and Parratt v. Taylor, 451 U.S. 527 (1986),

the United States Supreme Court found that a state official's failure to abide by constitutionally

adequate procedures does not give rise to a procedural due process violation if a meaningful

post-deprivation remedy is available.  Parratt v. Taylor, 451 U.S. 527, 540-42 (1986), *overruled*

*on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986);  Hudson v. Palmer, 468 U.S. 517,

533 (1984).    In Zinermon v. Burch, 494 U.S. 113 (1990), the Supreme Court created an

exception to the Parratt doctrine to allow a former mental patient to file an action under 42

U.S.C. § 1983 against a mental hospital where state law prohibited involuntary admission

without due process, but did not provide for procedures to ensure that voluntary admissions were

truly made voluntarily by competent individuals.    Based on Zinermon, Parratt applies if three

criteria are met: (1) The deprivation of property must be unpredictable, such as when the state

cannot predict precisely when the loss would occur; (2) The very nature of the deprivation made

predeprivation process impossible or absurd; and (3) The improper conduct was  "unauthorized,"

such as an abuse of position.  Zinermon, 494 U.S. at 129, 136, 138; Zimmerman v. City of

Oakland, 255 F.3d 734, 738-39 (9th 2001).   Conversely, Zinermon applies when: (1) The

deprivation of liberty was predictable; (2) The creation of a pre-deprivation process was not

impossible; and (3) The deprivation was the result of an official's "abuse of his position" and

therefore was not "random and unauthorized."   Honey v. Distelrath, 195 F.3d 531, 533 (9th Cir.

1999).

          In granting Defendants a directed verdict, the court found that Parratt applied to

Plaintiffs' Procedural Due Process claim alleging that Plaintiffs were denied access to a

government building.    The facts supporting Plaintiffs' procedural due process claim involved

Defendant Basch refusing Plaintiff Ernest Merrill admission to a building.    Based on the law

and evidence before the court, the court determined that not allowing a citizen access to a

government building (assuming a property or liberty interest in such access) would be an act no

one can precisely predict when it will occur.  See Zimmerman, 255 F.3d at 738-39.    The state

and county cannot know when an employee will refuse someone access to a building.   Second,

6

1    the very nature of the deprivation appears to make a predeprivation process impossible or absurd.

2    Because it is impossible to know when an employee with bar someone from a building, it is

3    impossible to have a hearing prior to the action.    Finally, such conduct would be unauthorized

4    and abuse of position.    Based on this rational, the court found that <u>Parratt</u> precluded this due

5    process claim.    Under <u>Paratt</u>, the availability of post-deprivation remedies will cure an

6    unconstitutional deprivation when an official has acted in "random, unpredictable, and

7    unauthorized ways." <u>Zimmerman</u>, 255 F.3d at  738.    Plaintiffs' Rule 59 motion fails to allege

8    new law or facts or even provide a discussion on why <u>Parratt</u> did not preclude this claim.

9    Accordingly, no Rule 59 relief is available.

10

11   **B.  Procedure Due Process Claim – Denial of Barn Permit**

12           After summary judgment, Plaintiffs' Procedure Due Process Claim proceeded to trial on

13   several different theories.    Procedure Due Process Claim One alleged that Plaintiffs' procedural

14   due process rights were violated when Defendants denied Plaintiffs' permit to build a barn.    The

15   court granted Defendants' motion for a directed verdict on this claim because the court

16   determined that Plaintiffs did not have a property interest in a permit.    Plaintiffs now request the

17   court amend judgment to reverse this finding.

18            Due process requires "an opportunity for some kind of hearing prior to the deprivation of

19   a significant property interest."  <u>Memphis Light, Gas & Water Div. v. Craft</u>, 436 U.S. 1, 19

20   (1978).    "Precisely what procedures the Due Process Clause requires in any given case is a

21   function of context." <u>Brewster v. Board of Educ. of the Lynwood Unified School Dist.</u>,  149 F.3d

22   971, 983 (9th Cir. 1998).  What procedures satisfy due process in a given case are determined by

23   the three-part balancing test of <u>Mathews v. Eldridge</u>, 424 U.S. 319 (1979).  <u>See</u> <u>Brewster</u>, 149

24   F.3d at 983.  <u>Mathews</u> requires the court to consider:

25           First, the private interest that will be affected by the official action; second, the
         risk of an erroneous deprivation of such interest through the procedures used, and
26           the probable value, if any, of additional or substitute procedural safeguards; and
         finally, the Government's interest, including the function involved and the fiscal

27

28                                                    7

1    and administrative burdens that the additional or substitute procedural
2    requirement would entail.

3    Mathews, 424 U.S. at 335.   Mere negligence does not deprive an individual of a property interest

4    under the Fourteenth Amendment, requiring procedural due process protection.   See   Daniels v.

5    Williams,  474 U.S. 327, 330-31 (1984).

6         The first requirement in a procedural due process claim is to show that the plaintiff has a

7    liberty or property interest protected by the Constitution.   Dittman v. California, 191 F.3d 1020,

8    1029 (9th Cir. 1999);   Wedges/Ledges of California, Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th

9    Cir.1994) (citing Board of Regents v. Roth, 408 U.S. 564, 569 (1972)).   Property interests are

10   not created by the Constitution, but by "existing rules or understandings that stem from an

11   independent source such as state law--rules or understandings that secure certain benefits and that

12   support claims of entitlement to those benefits." Bd. of Regents of State Coll. v. Roth, 408 U.S.

13   564, 577 (1972); Thornton v. City of St. Helens, 425 F.3d 1158, 1164 (9th Cir. 2005); Gallo v.

14   U.S. Dist. Court For Dist. of Arizona,  349 F.3d 1169, 1178 (9th Cir. 2003).   To have a property

15   interest in a government benefit "'a person clearly must have more than an abstract need or desire

16   for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate

17   claim of entitlement to it.'"  Thornton, 425 F.3d 1158, 1164 (9th Cir. 2005) (quoting Roth, 408

18   U.S. at 577).  "Whether a statute creates a property interest depends largely upon the extent to

19   which the statute limits an agency's discretion in denying a license to an applicant who meets the

20   minimum requirements."  Groten v. California, 251 F.3d 844, 850 (9th Cir.2001).  In other

21   words, if the governing statute directs that a license shall be granted or renewed upon compliance

22   with certain criteria, none of which involve the exercise of discretion by the reviewing body,

23   there is a property interest in the license.  See  Thornton, 425 F.3d at 1165.  When addressing a

24   plaintiff who is merely an applicant for a license, the critical inquiry becomes whether the

25   ordinance grants discretion to the decision-maker who approves or denies the license because no

26   constitutionally protected property interest can exist in the outcome of a decision unmistakably

27

28                                          8

committed to the discretion of the government entity . <u>Ulrich v. City & County of San Francisco</u>, 308 F.3d 968, 976 (9th Cir. 2002).

In <u>Bateson v. Geisse</u>, 857 F.2d 1300 (9th Cir.1988), the plaintiff submitted a minor preliminary plat application to divide a lot, which the City Council denied. <u>Id</u>. at 1302.   The applicable municipal ordinance authorized the City Council to approve, conditionally approve, or reject a minor plat. <u>Id</u>. at 1305.   The ordinance left the decision of how to handle a minor plat application to the "unbridled discretion of an agency." <u>Id</u>.   The Ninth Circuit held that the plaintiff did not have a property interest or legitimate claim of entitlement to approval of his minor plat application because of the lack of any significant substantive restrictions on the City Council's powers. <u>Id</u>.

In this case, Plaintiffs never admitted a County Code concerning when a barn permit must be granted.   Without such an ordinance, it is impossible to determine if Plaintiffs had a property interest in the permit.   It was Plaintiffs' burden to show that there is a County regulation that requires the issuance of a barn permit once requirements are satisfied.   Because Plaintiffs failed in their burden, there was no evidence from which a trier of fact could find Plaintiffs had a property interest in the barn permit.   Plaintiffs offer no new law, evidence, or other reason why they are entitled to relief under Rule 59.   Thus, Plaintiffs' motion must be denied.

In both the opposition to the motion for a directed verdict and in the current motion, Plaintiffs changed the very basis of this claim.   Starting in their opposition to the directed verdict motion, Plaintiffs contend that this procedural due process claim concerned Defendants keeping the money they had paid for a barn permit for five years.   During pretrial proceedings, there was some confusion regarding the exact factual basis for Plaintiffs' claims.   In their opposition to the motion for summary judgment, Plaintiffs specifically spelled out their theories.   In this brief, Plaintiffs described the first procedural due process violation as "though Ernest Merrill paid for a permit to build the barn, the defendants wouldn't give him a permit to build it and they won't tell him why. . . . Due process requires that the defendant County of Madera, at a minimum, tell him

1   why it won't issue him a permit to build the barn."   Based on this description of a failure to issue

2   a permit to build a barn, the court allowed a due process claim based on this theory to proceed to

3   trial.   In the court's March 15, 2006 order, the court defined the claims proceeding to trial.   The

4   court found as follows:

5       . . . . the alleged procedural due process violations that remain for trial are:
        (1) Defendants' denial of Plaintiffs' permit to build a barn;

6         . . . .

7   After the court's orders listing the claims remaining for trial, Plaintiffs never informed the court

8   that the court had misunderstood the claim and Plaintiffs' theory concerned Defendants keeping

9   Plaintiffs' money for a permit for five years and not the denial of a permit.   Because the theory

10  tried in this action concerned the denial of a permit, Plaintiffs' failure to show how they had a

11  property interest in obtaining a barn permit remains dispositive of this claim.

12

13  **C.  Procedural Due Process Claim – Permit to Grade Road**

14        Plaintiffs' Procedural Due Process Claim Two alleged that Defendants required Plaintiffs

15  to obtain a grading permit to grade a road when none was allegedly required under the County's

16  ordinances.   While both sides had detailed arguments as to whether a permit was required, the

17  basic issue was whether Madera County Code 14.50.30 required Plaintiffs to have a permit to

18  grade the road or whether Plaintiffs fell within exceptions that allow for maintenance of a private

19  road and creating fire breaks.   The court granted a directed verdict to Defendants on this claim.

20  The court ***did not*** determine whether Plaintiffs were required to obtain a permit under the Madera

21  County Code.   Rather, the court found that Plaintiffs' allegations did not fall within the confines

22  of a procedural due process claim.

23        Plaintiffs' Rule 59 motion provides no new law, evidence, or other reason that the court

24  was incorrect in finding that Plaintiffs' contentions were not a procedural due process violation

25  because Defendants' procedures were not at issue.   The court could not expect the jury to apply a

26  procedural due process analysis to this theory because this is not the type of claim ordinarily

27

28

1   brought under procedural due process.   Assuming Plaintiffs were correct and no permit was

2   required, Plaintiffs have never shown how they had a property interest in not being required to

3   obtain a permit when one was not required.    In addition, by alleging they were "required" to get

4   a permit, it is unclear what process Plaintiffs allege was inadequate.   These, and similar

5   problems, resulted in the court concluding that the facts at issue are simply not a procedural due

6   process violation.

7           At the hearing granting the directed verdict, the court stated that it was possible these

8   facts may support a substantive due process claim or a Takings Clause claim.   In their Rule 59

9   motion, Plaintiffs now claim that the court should have let them amend the complaint in the

10  middle of trial to include a substantiative due process claim or Takings Clause claim.   This

11  contention is discussed below concerning whether the court correctly denied Plaintiffs' motion to

12  amend.

13          Finally, it appears that Plaintiffs may be contending that this fact pattern was present in

14  the original complaint as a Takings Clause claim, and the court wrongfully dismissed this claim

15  early in the proceedings.   Plaintiffs cite no new law or evidence as to why this theory should have

16  proceeded as a Takings Clause claim.    The court dismissed Plaintiffs' Takings Clause claim

17  because such a claim was not ripe.    Before a claim is ripe under the Takings Clause, the

18  property owner must take two steps.   First, the property owner must obtain a final administrative

19  decision regarding application of the regulations to the property at issue.   Williamson County

20  Reg'l Planning Commission v. Hamilton Bank, 473 U.S. 172, 186 (1985); Azul Pacifico, Inc. v.

21  Los Angeles, 948 F.2d 575, 578-79 (9th 1991).   Second, the property owner must avail himself of

22  the state's judicial remedies in an effort to obtain just compensation.   Williamson , 473 U.S. at

23  195; Azul Pacifico, Inc., 948 F.2d at 579; Sinaloa Lake Owner's Ass'n v. City of Simi Valley,

24  882 F.2d 1398, 1402 (9th Cir.1989).   Because Plaintiffs have never provided allegations or

25  evidence that they availed themselves of the state's judicial remedies, no takings claim is

26

27

28                                                11

1   available.[1]   Reconsideration of the dismissal of the Takings Clause claim is not warranted.

2

3   **D.   Procedure Due Process Claim - Cancellation of the Grading Permit**

4          Plaintiff's Due Process Claim Six alleged that Defendants impermissibly revoked their

5   permit to grade Site Two.   This claim was given to the jury, and the jury returned a verdict in

6   Defendants' favor.   Plaintiffs now ask that the court enter a judgment in their favor on this

7   claim.   Plaintiffs contend that the great weight of the evidence supported that Plaintiffs had a

8   valid permit to grade Site Two, Plaintiffs had an easement that required them to grade Site Two,

9   Plaintiffs spent about $150,000 in reliance on the permit, Defendants illegally revoked the permit

10  without notice or an opportunity to be heard, and Defendants refused Plaintiffs a hearing after the

11  permit was revoked.

12         Plaintiffs have waived the right to request an amendment to the judgment that ***directs a***

13  ***verdict*** in Plaintiffs' favor on this claim.   Federal Rule of Civil Procedure 50 requires that a

14  motion for a directed verdict be made at the close of all the evidence in order for a directed

15  verdict to be given following entry of judgment.   Zhang v. American Gem Seafoods, Inc., 339

16  F.3d 1020, 1029 (9th Cir. 2003); Janes v. Wal-Mart Stores, Inc., 279 F.3d 883, 886-87 (9th Cir.

17  2002).   The Ninth Circuit strictly applies the rule that Rule 50 allows complete waiver if an

18  objection is not properly made.   Janes, 279 F.3d at 887; Farley Transp. Co. v. Santa Fe Trail

19

20

21         [1] While not raised in the pending motion, the court notes that the court did dismiss
22  Plaintiffs' substantive due process claim  because such a claim should have been brought as a
    Takings Clause Claim, citing Armendariz v. Penman, 75 F.3d 1311, 1318-19 (9th Cir. 1996).
23  The court recognizes that on November 1, 2007, the Ninth Circuit found that the Fifth
    Amendment does not preempt all substantive due process claims concerning land use.   Crown
24  Point Development, Inc. v. City of Sun Valley, – F.3d –, 2007 WL 3197049, *4 (9th Cir. 2007).
    Because the Takings Clause claim was dismissed as being unripe, the court is not confident that
25  Crown Point applies to this action.   Regardless, the burden on this Rule 59 motion is on
    Plaintiffs, who have failed to either cite Crown Point or the cases and reasoning on which Crown
26  Point relies as a basis for reconsideration.   In fact, this court's reading of the Rule 59 motion
    reveals that it does not even include a request for reconsideration of the court's dismissal of the
27  substantive due process claim.

28                                                  12

1   Transp. Co., 786 F.2d 1342, 1346 (9th Cir. Cir. 1986).[2]   In this action, Plaintiffs never requested

2   a directed verdict in their favor, pursuant to Rule 50, after the close of evidence and prior to the

3   case being given to the jury.   Thus, the court may not grant a verdict in Plaintiffs' favor now.

4   Plaintiffs' request for a directed verdict on this claim must be dismissed.

5

6   **E.  Defendants' Closing Argument**

7          In the conclusion section of Plaintiffs' Rule 59 motion, Plaintiffs state that "during

8   closing, defense counsel told the jury that the funds for payment of an award would be coming

9   from the coffers of the County of Madera. . . ."   Plaintiffs contend in their brief that this

10  argument was improper.   This allegation is only made in the conclusion section of Plaintiffs'

11  brief, and Plaintiffs neither cite law concerning improper closing arguments nor provide any legal

12  analysis.   Thus, Plaintiffs' motion fails on its face because any possible request for a new trial

13  based on an improper closing argument is not properly before the court.

14         Regardless, the court finds a new trial is not warranted.   "A new trial is warranted on the

15  ground of attorney misconduct during the trial where the flavor of misconduct sufficiently

16  permeates an entire proceeding to provide conviction that the jury was influenced by passion and

17  prejudice in reaching its verdict."   Anheuser-Busch, Inc. v. Natural Beverage Distributors,  69

18  F.3d 337, 346 (9th Cir. 1995) (internal quotes omitted).   A party should object to alleged

19  instances of attorney misconduct before the jury deliberates to allow the district court "to

20  examine the alleged prejudice and to admonish . . . counsel or issue a curative instruction, if

21  warranted." Kaiser Steel Corp. v. Frank Coluccio Constr. Co., 785 F.2d 656, 658 (9th Cir.1986).

22  Improper comments made by trial counsel during closing argument may be grounds for a new

23  trial.  Forrest v. Beloit Corp., 424 F.3d 344, 351-52  (3rd Cir. 2005); City of Cleveland v. Peter

24  Kiewit Sons' Co., 624 F.2d 749, 755-56  (6th Cir. 1980).   During a closing argument an attorney

25  _____

26         [2]  "[T]o preserve the ability to challenge the sufficiency of the evidence on appeal, a party
    must [first] move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) at
27  the close of all evidence."  Humetrix, Inc. v. Gemplus S. C.A., 268 F.3d 910, 923 (9th Cir. 2001).

28                                                    13

1   may not make reference to matters not in evidence.  Trytko v. Hubbell, Inc., 28 F.3d 715, 727 (7th

2   Cir. 1994); Janich Bros., Inc. v. American Distilling Co., 570 F .2d 848, 860 (9th Cir.1978) (as

3   amended) (citation omitted).   Prejudice resulting from misconduct may be remedied by a

4   curative instruction to the jury to disregard the misconduct.   Smith v. Lightning Bolt Productions,

5   Inc., 861 F.2d 363, 370 (2d Cir. 1988).   In general, an improper argument to the jury does not

6   constitute reversible error unless it causes prejudice and is not remedied by the trial judge.

7   McClaran v. Plastic Industries, Inc., 97 F.3d 347, 359 -60 (9th Cir.1996);   United States v.

8   Lopez-Alvarez, 970 F.2d 583, 597-98 (9th  Cir. 1992).

9          During closing argument Defendants' attorney referenced the County of Madera's

10   obligation to pay any monetary award against the individual defendants.   After the closing

11   arguments and prior to the jury being instructed, Plaintiffs brought up this improper comment to

12   the court.   The court agreed that it was improper for counsel to state during closing argument

13   that another entity will indemnify a state actor for any damages assessed against him or her.

14   Larez v. Holcomb, 16 F.3d 1513, 1520 (9th Cir. 1994).   The court then informed Plaintiffs'

15   counsel that Plaintiffs could submit an appropriate jury instruction to cure this comment.

16   Plaintiffs did not provide a curative instruction, and no instruction concerning Defendants'

17   specific comment regarding the County of Madera's obligation to pay any monetary award was

18   given to the jury.

19          The failure to object and seek a curative instruction or admonition generally waives the

20   right to contend a new trial is necessary because a counsel's arguments were improper.   Kaiser

21   Steel Corp. v. Frank Coluccio Constr. Co., 785 F.2d 656, 658 & n. 2 (9th Cir.1986); Brown v.

22   Carey, 2007 WL 1946633, *7 (E.D.Cal. 2007).    In this case, the court is presented with the

23   unique situation where counsel did object to an improper argument but never followed the

24   court's instructions to submit a curative instruction.    Because the court agreed to give a curative

25   instruction concerning the improper argument and Plaintiffs never followed the court's order to

26   submit a curative instruction, the court finds Plaintiffs have waived this contention.

27

28                                        14

1     Despite the fact the jury was never specifically advised to disregard Defendants'

2  attorney's specific reference to the County of Madera being required to pay any judgment, any

3  prejudicial consequences of the remark were remedies by the jury instructions given.   Here, the

4  court gave Model Ninth Circuit Jury Instruction 1.7, which instructs the jury that arguments and

5  statements by lawyers are not evidence because they are not witnesses and what they say in the

6  opening and closing statements is intended to help interpret the evidence, but it is not evidence.

7  The Ninth Circuit has found that a judge's instruction to a jury that the statements of counsel are

8  not evidence can cure improper statements.   Barzelis v. Kulikowski, 418 F.2d 869, 871 (9th Cir.

9  1969); 11 Wright & Miller: FEDERAL PRAC. & PROC. § 2809 & n.5 (2007).

10     In addition, the jury's verdict does not indicate that the jury returned a defense verdict out

11  of concern that a municipality would have to pay any damage award.   As pointed out by

12  Defendants, the jury was instructed that if they found a constitutional violation, but found no

13  actual damages, they must award nominal damages.   Had the jury really found a constitutional

14  violation but did not want the County of Madera to pay any damage award, the jury would have

15  answered "yes" to the questions asking whether a constitutional violation occurred and awarded

16  only nominal damages.   By answering "no" to the questions asking whether constitutional

17  violations occurred, the jury focused on the constitutional violations rather than impermissibly

18  considering who would have to pay a damage award.   In addition, given the evidence before the

19  court, the court does not believe that Defendants' attorney's one comment about who would pay

20  a damage award prejudiced the jury.   The court denies a new trial based on this theory.

21

22  **F.  Motion to Amend**

23     At the close of the evidence, Plaintiffs moved to amend the complaint to add several

24  claims or causes of action.   Finding that the relevant authority was found in Rule 15(b) and Rule

25  16(b) of the Federal Rules of Civil Procedure, the court denied Plaintiffs' motion.   At issue in

26  this motion for reconsideration is the court's denial of Plaintiffs' claim to add an equal protection

27

28                                                    15

1  claim based on a "secret meeting" and Plaintiffs' request to add a Takings Clause claim based on
2  the grading of the road.

3        Rule 15(b) provides in part that "[w]hen issues not raised by the pleadings are tried by
4  express or implied consent of the parties, they shall be treated in all respects as if they had been
5  raised in the pleadings."  "The purpose of Rule 15(b) is to allow an amendment of the pleadings
6  to bring them in line with the actual issues upon which the case was tried."  Campbell v. Board
7  of Trustees of Leland Stanford Junior University, 817 F.2d 499, 506 (9th Cir. 1987).  This rule
8  reflects the liberal policy favoring amendments of pleadings at any time.  Consolidated Data
9  Terminals v. Applied Digital Data Systems, Inc., 708 F.2d 385, 396 (9th Cir. 1983).  The Ninth
10 Circuit reviews a district court's order denying a Rule 15(b) motion to amend the complaint to
11 conform the pleadings to the evidence for an abuse of discretion.   Madeja v. Olympic Packers,
12 LLC, 310 F.3d 628, 635 (9th Cir. 2002).

13       To grant a Rule 15(b) amendment, the court must find that the parties either expressly or
14 impliedly consented for a trial of the issues not raised in the pleadings.  Patelco Credit Union v.
15 Sahni, 262 F.3d 897, 907 (9th Cir. 2001); Campbell, 817 F.2d at 506.   The court should not allow
16 a Rule 15(b) amendment if the defendant would have been prejudiced by lack of notice.   Madeja
17 v. Olympic Packers, LLC., 310 F.3d 628, 636 (9th Cir. 2002).  To establish that an unpled issue
18 was tried by implied consent of parties, the plaintiff must demonstrate that defendant understood
19 that evidence introduced at trial was introduced to prove a new issue, and that the new issue was
20 directly addressed and not just inferentially raised by incidental evidence.  In re Acequia, Inc.,34
21 F.3d 800, 814 (9th Cir.1994); La Londe v. Davis, 879 F.2d 665, 667 (9th Cir. 1989) ("To establish
22 implied consent, the Davises must demonstrate that LaLonde understood evidence had been
23 introduced to prove fraud . . .")

24       While it is true that a party's failure to object to evidence regarding an unpled issue may
25 be evidence of implied consent to a trial of the issue, it must appear that the party understood the
26 evidence was introduced to prove the unplead issue.  Patelco, 262 F.3d at 907; Campbell, 817
27
28                                          16

1    F.2d at 506.   Thus, the introduction of evidence that directly addresses a pleaded issue does not

2    put the opposing party on notice that an unled issue is being raised.   <u>Patelco</u>, 262 F.3d at 906-07.

3    "Where evidence alleged to have shown implied consent was also relevant to the other issues at

4    trial, it cannot be used to imply consent to try the unpleaded issue."   <u>In re Acequia</u>, 34 F.3d at

5    814 (quotations and brackets omitted).   An adverse party cannot be expected to object to the

6    introduction of evidence that is only tangentially related to the issues actually pleaded prior to

7    trial unless the party has notice that the evidence is being introduced as proof on some other

8    unpleaded issue.   <u>Patelco</u>, 262 F.3d at 907;   <u>Consolidated Data Terminals</u>, 708 F.2d at 396.

9    Rule 15(b) does not permit amendments to include issues which are only inferentially suggested

10   by incidental evidence in the record.   <u>Madeja</u>, 310 F.3d at 636;   <u>Campbell</u>, 817 F.2d at 506.

11          Once the court has entered a pretrial scheduling order, the standards of Rule 16 also

12   govern amendments.   <u>See   Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1295 (9th Cir.2000);

13   <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir.1992).   Under Rule 16(b),

14   Plaintiff must show "good cause" exists for extending the deadlines set out in the Scheduling

15   Order.   <u>Coleman</u>, 232 F.3d at 1295.   This standard "primarily considers the diligence of the party

16   seeking the amendment."   <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-09 (9th

17   Cir.1992)).   "Although the existence or degree of prejudice to the party opposing the

18   modification might supply additional reasons to deny a motion, the focus of the inquiry is upon

19   the moving party's reasons for seeking modification. If that party was not diligent, the inquiry

20   should end."   <u>Id</u>. (citations omitted).

21          The Court may allow a post-deadline amendment if the deadline could not
            reasonably have been met despite the diligence of the moving party.   To
22          demonstrate diligence, the moving party may be required to show: (1) that it was
            diligent in assisting the Court in creating a workable Rule 16 scheduling order; (2)
23          that its noncompliance with the scheduling order's deadline occurred or will occur
            notwithstanding diligent efforts to comply because of "the development of matters
24          which could not have been reasonably foreseen or anticipated at the time of the
            Rule 16 scheduling conference;" and (3) that it was diligent in seeking amendment
25          of the scheduling order once it became apparent it could not comply with the
            order.   Finally, the Ninth Circuit has stated that carelessness is not compatible
26          with a finding of diligence and offers no reason for a grant of relief.

27

28                                              17

United States v. Boyce, 148 F.Supp.2d 1069, 1079 (S.D. Cal. 2001).

### *1. "Secret Meeting"*

Plaintiffs contend that the court erred by failing to allow Plaintiffs to amend the complaint to allege claims surrounding a "secret meeting."   During trial, Defendant Gilbert's wife, Mrs. Gilbert, discussed a meeting set up by Defendant Gilbert with County officials and neighbors who were concerned about Plaintiffs' potential use of water.   All parties agree that Plaintiffs did not know about this meeting.   Plaintiffs contend that they should have been allowed to amend the complaint to add at least an equal protection claim based on the neighbor's ability to have a meeting with Defendant Gilbert and County officials but Plaintiffs' inability to have meetings.   Plaintiffs claim they never knew about this meeting until Mrs. Gilbert testified during trial.

Based on Plaintiffs' own position, no party tried this action on an equal protection claim based upon a secret meeting.   The issue of an equal protection claim stemming from a secret meeting was not known until trial, thus it could not have been tried with the implied consent of either side.   Thus, this claim does not meet Rule 15(b)'s standards.

During the hearing on the motion to amend, the parties turned this issue into one of allowing an amendment as a punishment for a discovery violation.   Plaintiffs' basic contention was, and remains, that Defendant Gilbert and Mrs. Gilbert misled Plaintiffs during their depositions so that Plaintiffs did not find out about the secret meeting until trial.   Putting aside the lack of authority from any party that a discovery violation can be grounds to add a new claim or cause of action in the middle of trial, the court does not find such a great discovery violation in this case as to mandate such a harsh remedy.   When ruling on the motion to amend, the court reviewed the deposition of Defendant Gilbert.   Defendant Gilbert's deposition informed Plaintiffs about neighbors he did discuss Plaintiffs with, and Plaintiffs apparently never contacted these neighbors.   When denying the motion to amend, the court did not find Defendant Gilbert's

1    deposition contained any lie given the very specific questions Defendant Gilbert was asked.

2    However, at the hearing on the motion to amend the court recognized that Mrs. Gilbert's

3    testimony was misleading.   When asked of anyone who made complaints against Plaintiff, Mrs.

4    Gilbert answered: "No".   The court found this was inconsistent with her testimony at trial.

5    However, the court concluded that the discovery sanction of adding a new claim in the middle of

6    trial to punish  a *witness* who had provided misleading deposition testimony was simply not

7    appropriate.   Plaintiffs have cited no law or argument on how the court was wrong in this

8    conclusion.

9            Moreover, if the court would have allowed Plaintiffs to amend the complaint to add in an

10   equal protection claim about a secret meeting, additional discovery would have been necessary.

11   "A need to reopen discovery and therefore delay the proceedings supports a district court's

12   finding of prejudice from a delayed motion to amend the complaint."   Lockheed Martin Corp. v.

13   Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir.1999).   The court did not abuse its discretion

14   when it denied the motion to add a claim about a secret meeting.   Plaintiffs remained free to

15   argue to the jury about any inconsistencies in testimony, but neither Rule 15, Rule 16, nor any

16   law concerning discovery violations brought to the court's attention, allowed an amendment in

17   this situation.

18

19   ***2.   Takings Claim***

20           Plaintiffs also maintain that the court erred when it failed to allow Plaintiffs to amend the

21   complaint to add a Takings Clause claim concerning whether a permit was needed to grade the

22   road, which the court had found could not be maintained as a procedural due process claim.

23   Plaintiffs appear to contend that there would have been no prejudice to Defendants because

24   whether the County Code required a permit was the mainstay of Plaintiffs' case.   Simply

25   because the facts surrounding whether a permit was necessary would have been admitted

26   regardless of whether the claim was a Takings Clause claim or a procedural due process claim

27

28                                                  19

1    does not mean that Defendants consented to a Takings Clause claim.   The introduction of

2    evidence that directly addresses a pleaded issue does not put the opposing party on notice that an

3    unpleaded issue is being raised.   Patelco, 262 F.3d at 906-07.   Because the legal elements of the

4    two claims differ, Defendants may have chosen to defend the claim entirely differently had they

5    known a Takings Clause claim was at issue.   Regardless, as found previously, no Takings Clause

6    claim was ripe because no state court requests for just compensation had been made.[3]

7

8    **G.  New Trial Without Reference to Grading Issues**

9            Near the end of Plaintiffs' brief, Plaintiffs state that this case was built around whether a

10   permit was needed to grade the road.   Plaintiffs argue that they should be allowed a new trial in

11   which they can present only the four claims that the court let go to the jury.   Plaintiffs imply that

12   by granting directed verdicts on so many claims, the jury was confused.   Plaintiffs cite no

13   authority for allowing a new trial because a court's directed verdict rulings resulted in the jury

14   hearing unnecessary evidence.   The court could also find no such authority.

15           Plaintiffs' position seems to be that the court had some duty to take Plaintiffs' factual

16   allegations and advise Plaintiffs prior to trial which potential constitutional issues were

17   implicated by Defendants' alleged actions.   Plaintiffs are not appearing in pro se, are not

18   proceeding in forma pauperis, and are not incarcerated.   As such, this court is aware of no

19   authority requiring the court to "screen" Plaintiffs' complaint and advise Plaintiffs as to the

20   "best" legal theories on which to advance their case.   To the contrary, all authority indicate such

21   ─────────────────

22           [3]  At the hearing on their motion to amend, Plaintiffs did ask the court to allow them to
     change their procedural due process claim concerning grading the road to a substantive due
23   process claim.   The pending motion does ***not*** ask the court to reconsider this finding.   In
     addition, Plaintiffs cite no new law or evidence that would allow this theory to proceed as a
24   substantive due process claim.   The court does recognize that based on very recent Ninth Circuit
     authority, a substantive due process claim ***may*** be available for some land use actions that lack
25   any substantial relation to the public health, safety, or general welfare.   See  Crown Point
     Development, Inc. v. City of Sun Valley, – F.3d –, 2007 WL 3197049, *4 (9th Cir. 2007).
26   However, even assuming this new law would have assisted Plaintiffs at the time of trial,
     Defendants clearly did not try this action as a substantive due process case.   Defendants allowed
27   admission of evidence concerning the road grading to resolve the procedural due process claim.

28                                                    20

legal advise is prohibited.

## CONCLUSION

Accordingly, based on the above memorandum opinion, Defendants motion for a new trial and motion to alter or amend judgment is DENIED.

IT IS SO ORDERED.

**Dated:    December 10, 2007**                       /s/ Anthony W. Ishii
UNITED STATES DISTRICT JUDGE

21