1
2
3
4
5
6
7
8           IN THE UNITED STATES DISTRICT COURT FOR THE

9                     EASTERN DISTRICT OF CALIFORNIA

10

11    ERNEST MERRILL and              )    1: 05 -CV- 0195 AWI SMS
      LILA MERRILL,                   )
12                                     )    ORDER DENYING MOTION FOR
                          Plaintiffs,  )    LEAVE TO FILE AN AMENDED
13                                     )    COMPLAINT
            v.                         )
14                                     )    ORDER DISMISSING ACTION AND
                                       )    DIRECTING THE CLERK OF THE
15    COUNTY OF MADERA, et al.,        )    COURT TO CLOSE THIS ACTION
                                       )
16                        Defendants.  )    (Document #338)
                                       )
17    _____ )

18

19                          BACKGROUND

20          The complaint in this action alleged that Defendants' denial of several land use permits

21    and citations deprived Plaintiffs of their constitutional rights.  Before trial, the Court dismissed

22    Plaintiffs' claim that alleged Defendants violated Plaintiffs' Substantive Due Process rights.  The

23    Plaintiffs' Procedural Due Process claims and Equal Protection Clause claims proceeded to

24    trial, after which the Court issued judgment as a matter of law in favor of Defendants on some

25    claims, and a jury found in favor of Defendants on all remaining claims.  The Clerk of the Court

26    then entered judgment for Defendants.

27          Plaintiffs appealed. The Ninth Circuit Court of Appeal's decision appears to affirm

28    Judgement in favor of Defendants on the Procedural Due Process claim and Equal Protection

claim.   However, the Ninth Circuit reversed this Court's dismissal of Plaintiff's Substantive Due Process claim in light of a change in the law.   The Ninth Circuit ruled as follows:

> With regard to the dismissal of the Merrills' initial substantive due process claims, and the denial of leave to amend the complaint to add new substantive due process claims, we find that the district court is best suited to address these issues in the first instance. We therefore remand for the district court to decide (1) whether the Merrills should, in light of *Crown Point*, be granted leave to amend their complaint to include additional substantive due process claims; (2) whether the Merrills' complaint, as amended, states a substantive due process claim; and (3) whether the principle of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed. 383 (1994), bars any of the Merrills' remaining substantive due process claims, in particular the claim based on Mr. Merrill's liberty interest.

Based on the Ninth Circuit' opinion and order this Court allowed Plaintiffs to file a motion for leave to file an amended complaint that included a Substantive Due Process claim. Plaintiffs then filed a motion for leave to file an amended complaint, along with a proposed amended complaint.   Defendants opposed Plaintiffs' motion, arguing that evidence admitted at trial and the jury's verdict showed Plaintiffs' amended complaint was subject to dismissal and was futile.  As such, Defendants contended that Plaintiffs should not be given leave to amend.

On September 26, 2012, the Ninth Circuit issued Mandate in this action.

## FACTS ALLEGED IN THE PROPOSED AMENDED COMPLAINT

The proposed amended complaint (hereinafter "complaint") alleges that on or about April 9, 2002, Plaintiffs purchased land near North Fork, previously known as the Church Ranch, that included 14 separate but contiguous tax parcels, ranging from about 40 or 50 acres up to 500 acres.  After Plaintiffs purchased the property it became known as the Dreamcatcher Ranch (hereinafter, the "Ranch").

The complaint alleges that the Ranch had about twenty miles of existing roads providing access to most areas of the Ranch.   The complaint alleges that prior to Plaintiffs' purchase of the Ranch, these roads had been graded and maintained without any permits.   The complaint alleges that Plaintiffs intended to raise cattle and livestock on the Ranch, cut and clear firewood for sale,

subdivide the Ranch into parcels for residential lots, and construct their own home on the Ranch.

The complaint alleges that the Ranch contained one major dirt road stretching from the North end all the way to the Ranch's Southern border, which was the only reasonable access to the Ranch.   The complaint alleges that all pre-existing roads were private roads for the purposes of relevant statutes and regulations.

The complaint alleges that in May of 2002, Mr. Merrill purchased a mobile home, and a pre-fabricated barn to be placed on the Ranch.   Mr. Merrill obtained a permit for placing the mobile home on the property.  Mr. Merrill also filled out a "compliance application" and paid a "developer fee" to the County with regard to the mobile home.  After receiving the permits, the complaint alleges Mr. Merrill began grading the existing roads to maintain them so that the Ranch could be utilized.    The complaint alleges that Mr. Merrill had previously been told by a County employee that he was not required to obtain a grading permit to grade private Ranch roads.   Mr. Merrill also alleges he was told any pad grading was included within his permit.

The County had ordinances regarding "Grading and Erosion Control" found in Chapter 14.50 of the Madera County Code of Ordinances (hereinafter "County Ordinances").  The complaint alleges the follow activities are exempted from the County Ordinances and do not require a permit:

A.      Site grading, driveways, and other work authorized by a valid building permit;

B.      Use of land for gardening primarily for home consumption;

C.      Fire and fuel breaks as required by government agencies and/or brush removal for fuel reduction or range improvement;

D.      Clearing of vegetation from canals and other water courses used for irrigation purposes;

E.      Timber harvesting pursuant to and under the authority of federal or state law, contract or license;

3

F.       Private road maintenance.

The complaint alleges that all of Plaintiffs' activities were consistent with the Ranch's prior usage, the County Ordinances, the County employees' and Defendants' instruction and advice, and County permits.

The complaint alleges that sometime in June 2002, Mrs. Gail Gilbert entered the Ranch and was told to leave by a worker because she was "trespassing."  Mrs. Gilbert is married to Defendant Gilbert, who was then a County Supervisor.   The complaint alleges Mrs. Gilbert did not want any development on the Ranch, and had a personal animus toward Plaintiffs.   The complaint alleges Mrs. Gilbert encouraged her husband to utilize his position to hinder Plaintiffs' plans for the Ranch.

The complaint alleges that the County *"claimed"* it placed a "stop work" or "red tag" someplace on the Ranch, dated June 21, 2002.  The complaint alleges that Defendants did not have actual notice of this red tag.  The complaint alleges that on or about June 26, 2002, a County employee, Tom Graham, came to the Ranch and told Mr. Merrill that he had a "red tag" on his property because work had been done without a permit.  The complaint alleges Mr. Merrill stopped grading the Ranch's roads, and Mr. Merrill and his contractor went to the County offices and asked to obtain a grading permit.   The complaint alleges that, contrary to previous advice, a permit for grading the Ranch's roads was required.   The complaint alleges that Mr. Merrill was not given a permit that day but told he could try again the next day.   The complaint alleges Plaintiffs were denied a permit the next day as well.  The complaint alleges Mr. Merrill was not told why he was denied a permit nor what process he was required to follow in order to obtain a permit.

The complaint alleges that at various times Mr. Merrill attempted to obtain permits from the County and was refused any applications and even access to County offices by Defendant Basch.   The complaint alleges that "upon information and belief" Defendants had been instructed to frustrate Plaintiffs' development of the Ranch.

The complaint alleges that on or about June 28, 2002, Manuel Ruiz came to the Ranch and cited Mr. Merrill for allegedly continuing grading.  The complaint alleges that the only work being performed at that time was permitted work on a septic system, and no grading had occurred.  The complaint alleges that on July 1, 2002, a "stop work" order was issued, but Plaintiffs did not receive the "stop work" order.

The complaint alleges that on or about July 9, 2002, a meeting was arranged with the County to discuss the permit issues.   Instead, Mr. Merrill was arrested.  The complaint alleges Mr. Merrill was charged with 15 misdemeanor counts related to grading without a permit.  The complaint alleges that all charges were later dismissed, except for one California Fish and Game violation to which Mr. Merrill plead "no contest."

The complaint alleges that on or about July 19, 2002, the County inspected the Ranch. The complaint alleges that this inspection was orchestrated to create further charges against Mr. Merrill in order to obtain leverage against Mr. Merrill, force him to obtain further permits and construct roads, and to otherwise hinder Plaintiffs' development of Ranch property.

The complaint alleges that, at some point, Defendant Gilbert and his wife participated in a meeting with neighbors and other County employees to discuss Mr. Merrill and the Ranch.

The complaint alleges that the County told Mr. Merrill that he would be required to construct a Class 1 private road on Ranch property.   Mr. Merrill constructed the Class 1 road, at a cost of over $1 million.  The complaint alleges that there were no regulations or laws which required a Class 1 road.

The complaint alleges that at some point in the Fall of 2002, Mr. Merrill attended a town meeting in which Mr. Garoupa stated that a landowner could grade and maintain private roads without a permit.

The complaint alleges that despite the County's alleged concern for the public and its claim that other agencies were concerned about activities on the Ranch, the County manufactured this interest to cause further enforcement.   The complaint offers as an example the fact that Mr.

Merrill was cited by the Fire Department for having an open trench across one of the roads.   The complaint alleges that, at this time, Mr. Merrill had a permit to work on his septic system, and the trench was part of the system.   The complaint alleges that had the Fire Department been told that Mr. Merrill had been forced to stop work on the trench, Mr. Merrill would not have been cited for the open trench.   The complaint also alleges that there was no Fire Department requirement to have the entire length of the Ranch road improved.   The complaint alleges that the Department of Fish and Game was called in by the County and was told Mr. Merrill would not comply with the County's "stop work" orders.   The complaint alleges these statement were untrue because, at this time, Mr. Merrill had stopped all work.

The complaint alleges that an engineer hired by Mr. Merrill, Greg Merrill (no relation), attempted to "winterize" the road but was prevented from doing so by the County.   The complaint alleges that the County then utilized the failure to "winterize" the road as further justification for its enforcement actions.

The complaint alleges that, at some point, Mr. Merrill attempted to meet with County officials to resolve issues related to Defendant's revoking of permits and the need for additional permits.  Defendants refused to attend this meeting.   The complaint alleges that by revoking the permits and not meeting with Mr. Merrill, Mr Merrill was prohibited from complying with his probation's terms.

The complaint alleges that by denying and revoking Plaintiffs' permits Defendants acted in an arbitrary and capricious manner and denied Plaintiffs their liberty and property interests in the Ranch.  The complaint alleges Defendants violated Plaintiffs' Constitutional rights by arbitrarily and capriciously (a) requiring a grading permit for private roads in contradiction of County Ordinances, (b) refusing to allow Plaintiffs to obtain the grading permits, (c) refusing to inform Plaintiffs what they needed to do to obtain grading permits, (d) arresting Mr. Merrill by subterfuge, (e) attempting to have Mr. Merrill's probation revoked by misuse of the permit process, (f) requiring an unnecessary Class 1 road be constructed on Ranch property, and (g)

1    manufacturing criminal charges against Mr. Merrill.

2

3                                    **LEGAL STANDARD**

4          Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be

5    freely given when justice so requires."  While the Court should freely give leave to amend if

6    justice requires, the Court may deny leave to amend if amendment would be futile or subject the

7    complaint to dismissal.   Gadda v. State Bar of Cal., 511 F.3d 933, 939 (9th Cir. 2007); Saul v.

8    United States, 928 F.2d 829, 843 (9th Cir. 1991).

9

10                                    **DISCUSSION**

11         To allege a violation of the Fourteenth Amendment's Substantive Due Process Clause, a

12   plaintiff must show that a state actor has deprived the plaintiff of a constitutionally protected

13   interest in life, liberty or property.   Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008).

14   Substantive Due Process protection is usually reserved for the vindication of fundamental rights,

15   such as matters relating to marriage, family, procreation, and bodily integrity.  See Albright v.

16   Oliver, 510 U.S. 266, 272 (1994).  Thus, where, as here, a plaintiff relies on Substantive Due

17   Process to challenge governmental actions that do not impinge on fundamental rights, the court is

18   not required to find that the defendant's actions actually advanced their stated purposes; The

19   court must "merely look to see whether the government could have had a legitimate reason for

20   acting as it did."  Halverson v. Skagit County, 42 F.3d 1257, 1262 (9th Cir. 1994).

21         Substantive Due Process can be used to address arbitrary governmental interference that

22   has no reasonable justification.   County of Sacramento v. Lewis, 523 U.S. 833, 845 (1998);

23   Stamas v. County of Madera, 795 F.Supp.2d 1047, 1071 (E.D. Cal. 2011).   The Supreme Court

24   has explained that a governmental action will violate Substantive Due Process if it is "clearly

25   arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or

26   general welfare."  Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 395 (1926); see

27

28                                          7

1   also Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 541 (2005); Crown Point Development, Inc. v.

2   City of Sun Valley, 506 F.3d 851, 856 (9th Cir. 2007); Patel v. Penman, 103 F.3d 868, 874 (9th

3   Cir. 1996).

4          Traditionally, courts have held that a Substantive Due Process claim cannot be used to

5   vindicate a constitutional right in a 42 U.S.C. § 1983 action if the plaintiff's claim could be

6   analyzed under another explicit textual Constitutional source.  See, e.g., Graham v. Connor, 490

7   U.S. 386, 394-95 (1989) (Fourth Amendment rather than Substantive Due Process should be

8   used to analyze excessive force claims); Hufford v. McEnaney, 249 F.3d 1142, 1151 (9th Cir.

9   2001) (because First Amendment explicitly covers employment termination case, First

10  Amendment and not Substantive Due Process should guide analysis); Armendariz v. Penman, 75

11  F.3d 1311, 1319 (9th Cir. 1996) (en banc), *overruled in part as stated in* Crown Point v. City of

12  Sun Valley, 506 F.3d 851, 852-53 (9th Cir. 2007) (holding that plaintiff's Substantive Due

13  Process claim was preempted by Takings Clause); Webb v. County of Trinity, 734 F.Supp.2d

14  1018, 1026-27 (E.D. Cal. 2010).

15         Given the state of the law when Defendants filed their motion to dismiss the original

16  complaint, this Court dismissed Plaintiffs' Substantive Due Process claim, citing Armendariz v.

17  Penman, 75 F.3d 1311 (9th Cir. 1996).  Armendariz had held that **all** Substantive Due Process

18  challenges to land use regulations were preempted by the Takings Clause.  See Armendariz, 75

19  F.3d at 1319.

20         However, Armendariz's holding has since been abrogated by the Supreme Court and

21  Ninth Circuit in Lingle v. Chevron U.S.A., Inc., 544 U.S. 528 (2005), Crown Point

22  Development, Inc. v. City of Sun Valley, 506 F.3d 851 (9th Cir. 2007),  and Colony Cove Prop.,

23  LLC v. City of Carson, 640 F.3d 948, 960 (9th Cir. 2011).  In Lingle, the Supreme Court

24  contrasted the Takings Clause, which "presupposes that the government has acted in pursuit of a

25  valid public purpose" with "government action [that] is found to be impermissible - for instance

26  because it . . . is so arbitrary as to violate due process[,]" which "[n]o amount of compensation

27

28                                                 8

1    can authorize".  Lingle 544 U.S. at 543;  Colony Cove, 640 F.3d at 960.  Following Lingle, the

2    Ninth Circuit further explained in Crown Point Development, Inc. v. City of Sun Valley, 506

3    F.3d 851 (9th Cir. 2007), that "the Fifth Amendment w[ill] preclude a due process challenge only

4    if the alleged conduct is actually covered by the Takings Clause."  Id. at 855.  Since Crown Point,

5    the Ninth Circuit has found that the Fifth Amendment does not automatically preempt a

6    Substantive Due Process claim that alleges a defendant's land use action or regulation lacked any

7    substantial relation to public health, safety, or general welfare.  Colony Cove, 640 F.3d at 960;

8    Crown Point, 506 F.3d at 856.   In light of these decisions, a Substantive Due Process claim

9    challenging a wholly illegitimate land use action or regulation is not foreclosed by the Takings

10   Clause.  See Colony Cove, 640 F.3d at 960; Crown Point, 506 F.3d at 852-53.

11           To succeed on a Substantive Due Process claim challenging a land use action or

12   regulation , a plaintiff must show that the defendant's land use action or regulation was

13   "arbitrary, irrational, or lacking any reasonable justification in the service of a legitimate

14   government interest."  Colony Cove, 640 F.3d at 962; see also Lingle, 544 U.S. at 542 (finding

15   that to show Substantive Due Process violation, a plaintiff must demonstrate that the regulation

16   "fails to serve any legitimate governmental objective," rendering it "arbitrary or irrational").  No

17   heightened scrutiny analysis is used when addressing a Substantive Due Process challenge to a

18   land use action or regulation except in the rare situation where the action or regulation also

19   impinges on a fundamental right.  Lingle, 544 U.S. at 542.  As such, "the 'irreducible minimum'

20   of a substantive due process claim challenging land use action is failure to advance any

21   legitimate governmental purpose."  Shanks, 540 F.3d at 1087.   "[O]nly egregious official

22   conduct can be said to be arbitrary in the constitutional sense";  It "must amount to an abuse of

23   power lacking any reasonable justification in the service of a legitimate governmental objective."

24   Shanks, 540 F.3d at 1088 (citing Lewis, 523 U.S. at 846); Stamas, 795 F.Supp.2d at 1075.  The

25   minimum requirement to show a defendant's land use action or regulation violated Substantive

26   Due Process is the defendant's failure to advance a legitimate governmental purpose.  N. Pacifica

27

28                                                   9

1    LLC v. City of Pacifica, 526 F.3d 479, 484 (9th Cir. 2008); Bendorf v. Ojai Basin Groundwater

2    Management Agency, 2012 WL 3867352, at *11 (C.D.Cal. 2012).

3           This Court's task "is not to balance the public interest supporting the government action

4    against the severity of the private deprivation."  Shanks, 540 F.3d at 1088; Halverson, 42 F.3d at

5    1262.  Whether a defendant's land use decision is sound and actually advances its stated purpose

6    is not for the court to decide.  Colony Cove, 640 F.3d at 961; Halverson, 42 F.3d at 1262.   The

7    court merely looks to see if the defendant **could** have had a legitimate reason for acting as it did.

8    Halverson, 42 F.3d at 1262.  Decisions based upon erroneous legal interpretations or decisions

9    made with a lack of due care are not constitutionally arbitrary.   Shanks, 540 F.3d at 1088;

10   Stamas, 795 F.Supp.2d at 1076.  "[S]ubstantive due process secures individuals from 'arbitrary'

11   government action that rises to the level of 'egregious conduct,' not from reasonable, though

12   possibly erroneous, legal interpretation."  Brittain v. Hansen, 451 F.3d 982, 996 (9th Cir. 2006).

13   A plaintiff cannot sustain a Substantive Due Process claim if it is fairly debatable that the

14   defendant's land use action or regulation rationally furthered a legitimate interest.  Shanks, 540

15   F.3d at 1088.

16          In this action, to state a claim for a violation of their Substantive Due Process rights,

17   Plaintiffs must allege/show that Defendants engaged in arbitrary and irrational conduct that

18   deprived Plaintiffs of a legally cognizable interest in their property.  To show Defendants' actions

19   were "arbitrary in the constitutional sense," Plaintiffs must demonstrate "an abuse of power

20   lacking any reasonable justification in the service of a legitimate governmental objective."  See

21   Shanks, 540 F.3d at 1088 (quoting Lewis, 523 U.S. at 846).

22          Considering the evidence admitted at trial,[1] Defendants have submitted evidence showing

23   _____

24          [1] Given the unique procedural posture of this action, the Court finds that when ruling on
     the pending motion for leave to amend the complaint, the Court must consider the evidence
25   admitted at trial and the jury's verdict, and the Court is not bound to accept any conflicting
     allegations in the proposed amended complaint as true.  Rule 15 requires the Court to deny leave
26   to amend if amendment would be futile or subject to dismissal.  The proposed amended
     complaint was submitted after trial and after appeal.   If the Court were to take the proposed
27   amended complaint's allegations as true, the Court would be overturning a jury verdict that both

28                                                  10

1  that when they cited Plaintiffs for County Ordinance violations and delayed issuing some

2  permits, Defendants acted in an effort to advance legitimate governmental interests.   The

3  evidence admitted at trial shows that Plaintiffs violated the County's Ordinances regarding

4  grading.  For example, without a permit, Plaintiffs moved nearly 3,000 cubic yards of earth to

5  grade a 200'x200' pad, which cut into a hillside.   Plaintiffs created a new one-mile stretch of road

6  through steep terrain.   Plaintiffs also "improved" other parts of previously existing roads.   These

7  grading activities required the removal of many trees, the clearing of large portions of land, and

8  caused material to infect drainage areas and impact streams and watercourses.  Because the trial

9  evidence showed many of Plaintiffs' activities required grading permits, Defendants did not act

10  arbitrarily by enforcing County Ordinances concerning grading.

11      The evidence showed Plaintiffs intended to improve the Ranch so that individual parcels

12  could be sold.  However, the evidence admitted at trial showed that safety risks had the potential

13  to affect Plaintiffs, their workers, prospective purchasers, and other members of the public.   This

14  evidence provides a legitimate purpose for Defendants to enforce their regulations to protect

15  public health, safety, and general welfare.

16      Plaintiffs also allege that Defendants erred when they required them to obtain certain

17  permits.  For example, Plaintiffs point to the inconsistent information given to them on whether a

18  permit was needed to grade private roads.   Even if official decisions rest on erroneous legal

19  interpretation, they are not constitutionally arbitrary.   Shanks, 540 F.3d at 1089.  Errors of

20  judgment, mistaken actions, or even misguided actions do not violate due process.   Sinaloa Lake

21  Owners Ass'n v. City of Simi Valley, 864 F.2d 1475, 1486 (9th Cir. 1989).  Thus, Defendants'

22  actions, even if they incorrectly required Plaintiffs to obtain permits, cannot serve as the basis for

23  a Substantive Due Process claim.

24  _____

25  this Court in post-trial motions and the Ninth Circuit on appeal have already found final.  There
    is simply no authority for the Court to ignore the jury's findings when considering a motion for
26  leave to amend at this stage in the proceedings.  Thus, the Court is compelled to consider the
    evidence admitted at trial and the jury's verdict when ruling on whether Plaintiffs should be
27  given leave to amend.

28                                            11

1    The court recognizes that a defendant's "invention" of an illegitimate reason to support a

2    land use action and regulations can be arbitrary and capricious.  For example, in Simi Inv. Co.,

3    Inc. v. Harris County, Tex., 236 F.3d 240 (5th Cir. 2000), the plaintiffs showed a Substantive Due

4    Process claim because the evidence showed defendants' actions were taken to protect the private

5    interests of third parties.  Id. at 253-54.   In Simi, a plaintiff acquired commercial property that

6    bordered a street.  Id. at 244.  The plaintiff requested a permit for access to the street through a

7    proposed driveway.   The request was rejected by defendant on the basis that the strip of land

8    separating the plaintiff's property from the street was a park.  Id. at 244-46.   The district court

9    granted summary judgment for the plaintiff on the Substantive Due Process claim, which was

10   affirmed on appeal.   The court found that, given the historical evidence regarding the strip of

11   land, the defendant had invented the existence of a park to block the plaintiff's access.   Id. at

12   251. "Measured against the rational basis test, a nonexistent park used by County officials to

13   interfere with private property interests is clearly arbitrary, capricious, and violative of due

14   process." Id. at 253-54.

15   Here, neither the evidence nor the complaint's allegations show Defendants acted without

16   some rational basis by "inventing" a reason to stop Plaintiffs' development of the Ranch.  The

17   fact the County Ordinances are can possibly be disputed or contain uncertain terms does not

18   create a Substantive Due Process violation.  Defendants' potentially erroneous legal

19   interpretations or decisions are not constitutionally arbitrary, and as such, even incorrect

20   decisions do not violate Substantive Due Process.   See Shanks, 540 F.3d at 1088;  Brittain v.

21   Hansen, 451 F.3d 982, 996 (9th Cir. 2006).

22   Based on the jury's verdict, Plaintiffs cannot show an illegitimate reason for Defendants'

23   actions.   One of the claims presented to the jury was an Equal Protection claim.   The relevant

24   jury instructions allowed a verdict in favor of Plaintiffs if:  Defendants treated Plaintiffs

25   differently than any person who was similarly situated to them and Defendants had no rational

26   basis to do so; or The rational basis the Defendants asserted was a pretext for an impermissible

27

28                                                    12

motive.   See Doc. #287, #286, #289, #290, #325 & #326.   By finding Defendants not liable for

any Equal Protection claim, the jury found Plaintiffs were not treated differently than others

without a rational basis, **and** the jury found Defendants reasons were not pretext for an

impermissible motive.   Based on the jury's verdict, Plaintiffs have not shown prejudice, personal

animosity, or some other illegitimate reasons for Defendants' actions.   When land use actions

and regulations are at issue, only egregious official conduct can be said to be "arbitrary in the

constitutional sense" and this conduct must amount to an "abuse of power"   See Lewis, 523 U.S.

at 846.   Thus, Plaintiffs cannot use an alleged, implied personal motive to stop Plaintiffs'

development of the Ranch to support their Substantive Due Process claim.

        At best Defendants' conduct concerning the citations and regulations' interpretations was

unwise or legally erroneous.   This falls short of being constitutionally arbitrary. There is no

evidence of anything more than a lack of due care.    It is "at least fairly debatable" that

Defendants rationally furthered a legitimate interest by issuing the citations and requiring grading

and other land use permits.   When reviewing a Substantive Due Process challenge, this suffices;

The court is not to balance "the public interest supporting the government action against the

severity of the private deprivation."   Sanks, 540 F.3d at 1088-89.

        Plaintiffs' have an "excessively high burden" to establish that Defendants acted

arbitrarily.   See Shanks, 540 F.3d at 1088.   The complaint's allegations and the trial's evidence

showed, at best, negligence.   Plaintiffs cannot show a Substantive Due Process violation based

on Defendants's negligence.   "[L]liability for negligently inflicted harm is categorically beneath

the threshold of constitutional due process."   Lewis, 523 U.S. at 849.

        Assuming Defendants actions affected Plaintiffs' property interests in improving the

Ranch, Defendants activity appears to have advanced legitimate interests.   Plaintiffs have

therefore not shown sufficient facts to state a cognizable claim for a Substantive Due Process

violation.   Plaintiffs' burden of proof on this claim is "exceedingly high", requiring Plaintiffs to

show that Defendants' conduct was irrational, almost egregious, and an abuse of power.   The

Court finds that leave to amend this action at this time to include a Substantive Due Process claim must be denied.  Plaintiffs have not shown that Defendants' actions were clearly arbitrary and unreasonable and had no relation to the public health, safety, or general welfare.

**ORDER**

Accordingly, the Court ORDERS that:

1.    Plaintiffs' motion for leave to file an amended complaint to include a Substantive Due Process claim is DENIED;

2.    This action is DISMISSED; and

3.    The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

Dated:   __March 29, 2013__        _____

SENIOR  DISTRICT  JUDGE

14